Alahi v. Garland

BIA
Poczter, IJ
A209 420 191

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

MONZUR ALAHI,
> *Petitioner*,

v.                                                                    **21-6444**
                                                                     **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

_____

---

* The Clerk's office is directed to amend the caption as reflected above.

**FOR PETITIONER:** Xiaotao Wang, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; Brandon T. Callahan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Monzur Alahi, a native and citizen of Bangladesh, seeks review of a July 15, 2021, decision of the BIA affirming a July 31, 2018, decision of an Immigration Judge ("IJ") denying Alahi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Monzur Alahi*, No. A209 420 191 (B.I.A. July 15, 2021), *aff'g* No. A209 420 191 (Immig. Ct. N.Y. City July 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's decision as modified by the BIA, meaning minus the IJ's burden findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard."

2

*Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Alahi was not credible as to his claim that members of the Awami League attacked and threatened to kill him when he resisted their attempt to extort him.

3

The agency reasonably relied on Alahi's inconsistent statements and omissions regarding the timing of the attack relative to the assailants' initial demand that he give them money, how many times he was threatened, what injuries he suffered, where he went after the attack, and how he knew his attackers were members of the Awami League. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Hong Fei Gao*, 891 F.3d at 78–79 (noting that an omission may support an adverse credibility determination if the omitted "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

The agency reasonably relied on the record of Alahi's credible fear interview in assessing credibility because the interview record bears the hallmarks of reliability: It was conducted with an interpreter, it was memorialized in a typewritten question-and-answer format, the questions posed were designed to elicit details of his asylum claim, and Alahi's responses indicated that he understood the questions posed. *See Ming Zhang v. Holder*, 585 F.3d 715, 724–26 (2d Cir. 2009) (requiring scrutiny of credible fear interviews but finding record

4

reliable where it was typewritten, demonstrated that the applicant understood the questions, reflected questions about past harm or fear of future harm, and was conducted with an interpreter). And contrary to Alahi's argument to this Court, the record of the credible fear interview reflects that Alahi was expressly advised that he could reschedule the interview so his sponsor could hire him an attorney, and he elected to proceed by himself. He did not testify to the contrary in the hearing.

Further, some of the inconsistencies relied upon by the agency relate to matters Alahi described in the credible fear interview but omitted from his hearing testimony, undermining his argument that the agency improperly rested its no-credibility finding on his failure in the credible fear interview to "mention every detail and specific insight into the persecution which he suffered." Pet. Br. 14. In particular, in his credible fear interview Alahi described a second encounter with the assailants in which they came to his home after he was released from the hospital and told him they would beat him again if he tried to report them. He did not describe such a second encounter in his hearing testimony.

Finally, Alahi did not compellingly explain his inconsistent statements, and his explanations themselves resulted in additional inconsistencies. *See Majidi v.*

5

*Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

Having questioned Alahi's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably found that letters from Alahi's family and friends did not rehabilitate his credibility because they did not mention a second threat he claimed to have received. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). The IJ also did not err in finding Alahi's handwritten medical record unreliable because it misspelled numerous words. *Id.* at 334.

The inconsistencies and lack of reliable corroboration constitute substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C.

6

§ 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 165–67; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We reject Alahi's argument, not raised before the BIA, that even in the face of an adverse credibility finding as to his claim of past persecution, Alahi established a well-founded fear of future persecution on the basis of "pattern or practice" evidence. *See id.* at 154("[W]ith respect to petitions for both asylum and withholding of removal, an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible."*). Alahi did not exhaust this argument by presenting it to the BIA. *See Zhong v. U.S. Department of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioner to exhaust issues before the BIA), *abrogated, in part on other grounds by Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1111–14 (2023) (holding that exhaustion under 8 U.S.C. § 1252(d)(1) is not jurisdictional).

In addition, Alahi's argument that he would face future persecution if removed depends in part on his claim to have been attacked by members of the

Awami League, which the IJ found to be not credible.   Plus, his brief relies in part on country conditions evidence, such as the U.S. Department of State Bangladesh 2018 Human Rights Report, that was not in evidence.   *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").   And to the extent that Alahi has cited country conditions evidence describing government sponsored violations of the human rights of members of the opposition political party, that evidence is of limited relevance here, where Alahi has testified that he and his family were "not involved in any political party."   *Cert. Admin. Rec.* 134.

For the foregoing reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>